# United States Court of Appeals
## For the First Circuit

*[handwritten: 05-11277 Massachusetts (n) D. Woodlock]*

No. 06-1811

EZEQUIEL ARROYO,

Petitioner, Appellant,

v.

BERNARD BRADY,

Respondent, Appellee.

Before

Torruella, Selya and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: October 3, 2006

Petitioner Ezequiel Arroyo requests a certificate of appealability (COA) to appeal from the denial of his habeas petition seeking to vacate his state convictions of murder in the first degree, assault and battery by means of a dangerous weapon, and unlawful possession of a firearm. Specifically, he seeks a COA to pursue the following two issues on appeal: 1) whether the evidence was insufficient to establish his guilty beyond a reasonable doubt, and 2) whether the prosecutor's closing argument violated his due process rights.

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 336 (2003). Petitioner contests the district court's finding that the Massachusetts Supreme Judicial Court's rejection of the claims at issue was not an "unreasonable application of

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In applying the "unreasonable application" standard, "the mere fact that there was some error or that the state decision was incorrect is not enough. . . . [I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002).

I. Insufficiency of the Evidence Claim

Arroyo argues that "jurists of reason might conclude, contrary to the district court's decision, that the SJC unreasonably ignored key arguments advanced by Arroyo, and that the quality of the circumstantial proofs was so lacking and/or unreliable that Arroyo's conviction offends due process." The record does not support that contention. Reasonable jurists could not find debatable or wrong the district court's conclusion that the SJC did not "ignore material evidence or a key argument made by defendant." Hurtado v. Tucker, 245 F.3d 7, 18 (1st Cir. 2001). Nor could a reasonable jurist find debatable or wrong the district court's conclusion that the state court was not "objectively unreasonable" in concluding that "viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner is not entitled to a COA on this claim.

II. Prosecutor's Closing Argument

Our review of the record does not support petitioner's claim that a jurist of reason might find debatable or wrong the district court's conclusion that the SJC reasonably applied federal law in determining that "[c]onsidered in conjunction with the rest of the evidence, we cannot say that the Commonwealth's error [in referring in closing argument to demographic data that was not in evidence], particularly after the judge's curative instruction, made a difference in the jury's conclusion." Commonwealth v. Arroyo, 442 Mass. 135, 148 (2004). This court "normally presume[s] that a jury follows instructions to disregard improper argumentation." Conde v. Starlight I, Inc., 103 F.3d 210, 213 (1st Cir. 1997). For the reasons stated by the district court, the properly admitted evidence connecting Arroyo to the green jacket was not as weak as the petitioner portrays it to be.

Arroyo does not challenge the district court's determination that his claim regarding the prosecutor's misstatement of evidence concerning the murder weapon was procedurally defaulted. Reasonable jurists could not find it debatable that the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated by the district

court in connection with the insufficiency of the evidence claim, reasonable jurists could not disagree with the district court's conclusion that petitioner failed to demonstrate that he was prejudiced by his attorney's failure to object to the improper references to the murder weapon, or that he was "actually innocent," entitling him to habeas relief under the miscarriage of justice standard.

Arroyo's request for a COA is <u>denied</u> and the appeal is <u>terminated</u>.

By the Court:

Richard Cushing Donovan, Clerk.

By: __MARGARET CARTER_____
      Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_Jennifer Galardo_
Deputy Clerk

Date: 10/24/06

[cc: Donald A. Harwood, Esq., Susanne G. Reardon, AAG]